**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40462

TEX TIN CORP., ET AL.,

Plaintiffs,

AMOCO CHEMICAL CO.,

Plaintiff-Appellant

versus

UNITED STATES OF AMERICA, ET AL.,

Defendants,

METALLON HOLDINGS, ET AL.,

Defendants-Appellees.

\*\*\*\*\*

AMOCO CHEMICAL CO.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, ET AL.,

Defendants,

ASOMA CORP., ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(G-96-CV-247)

December 5, 1997

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This matter is before us on appeal of the trial court's discretionary stay of a CERCLA action pending the resolution of Chapter 11 bankruptcy proceedings by two of approximately 100 defendants and, alternatively, for a writ of mandamus dissolving the stay order.

Having considered the briefs and oral arguments of counsel and the pertinent parts of the record, we conclude and hold that we do not have appellate jurisdiction to review the interlocutory stay order.[1]

The alternative writ of mandamus is an extraordinary remedy[2] which will issue only when the party seeking same establishes a clear and undisputable right

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]**KMART Corp. v. Aronds**, ___ F.3d ___, slip op. 5542 (5th Cir., Sept. 25, 1997).

[2]**Gulfstream Aerospace Corp. v. Mayacamus Corp.**, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).

to the writ.[3]  That has not been done, particularly in light of the open court assurance of counsel for appellees that the stay of proceedings will not continue beyond August 31, 1998.  Accordingly, the petition for writ of mandamus is denied without prejudice to resubmit same if the district court denies a motion to lift the stay after August 31, 1998.

Appeal DISMISSED; writ of mandamus DENIED.

---

[3]**KMART; Bankers Life and Cas. Co. v. Holland**, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953).